UNITED STATES DISTRICT COURT
MIDDLED DISTRICT OF FLORIDA
TAMPA DIVISION

SCOTT BUSH and LISA NAFIS,

      Plaintiffs,

vs.                             Case No.: 8:07-cv-01314-T-17-EAJ

BAHIA SUN ASSOCIATES, LIMITED
PARTNERSHIP, a Florida Limited
Partnership and BAHIA SUN REALTY
CORPORATION, a Florida Corporation,

      Defendants.

_____/

**ORDER**

THIS CAUSE is before the Court on Defendants', Bahia Sun Associates Limited Partnership and Bahia Sun Realty Corporation ("Bahia Sun"), Motion to Dismiss Complaint (Dkt. 4) and Plaintiffs' Opposition to Defendants' Motion to Dismiss Complaint (Dkt. 6).

**BACKGROUND and PROCEDURAL HISTORY**

Plaintiffs filed a two-count complaint on July 26, 2007. (Dkt. 1). Count I alleges that Bahia Sun, a developer and seller of real estate, as defined by the Interstate Land Sales Full Disclosure Act (ILSA), 15 U.S.C. 1703, violated specific ILSA provisions

in contracting with Plaintiffs for the interstate sale of certain Florida real estate in a sales contract ("Contract") executed on December 27, 2004.  (Id. at 3).  Plaintiffs further assert that Defendants' specific failure to comply with ILSA provided a basis in federal law for rescission of the Contract.  Therefore, on June 26, 2007, Plaintiffs exercised their option to rescind as provided for in 15 U.S.C. 1703(d), but Defendants Bahia Sun refused to recognize this rescission or refund Plaintiffs' $53,924.00 earnest money deposit along with applicable, interest, costs and attorneys' fees as provided for in 15 U.S.C. 1709.  (Id. at 5).

Plaintiffs' complaint acknowledges that 15 U.S.C. 1702 provides, *inter alia*, an exemption under the ILSA for the sale of land obligating the seller to erect a building thereon within two years, but assert that the Contract did not meet the requirements of this exemption.  (Id. at 4).  Plaintiffs assert that Defendants did not complete construction of the residence called for by the Contract within two years and that in July, 2007 Defendants forwarded correspondence to the Plaintiffs indicating that Defendants were not bound to complete the construction within two years.  (Id. at 4-5).

Count II, brought in this Court under the supplemental subject matter jurisdiction authorized by 28 U.S.C. 1367(a), alleges a Breach of Contract by Defendants Bahia Sun for failure to complete the residence as specified by the Contract signed December 24, 2004.  (Id. at 2, 6).  Plaintiffs further assert that they have performed all conditions precedent to be performed by the Plaintiffs or the conditions have occurred and that Plaintiffs' demands for refund of their earnest money deposit have been refused by

Defendants. (Id. at 6).

## STANDARD OF REVIEW

Any defendant to a complaint may move to dismiss under Rule 12(b)(6) for "failure to state a claim on which relief can be granted." See Fed. R. Civ. P. 12(b)(6). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of circumstances that would entitle her to relief. Am. Ass'n of People with Disabilities v. Smith, 227 F.Supp.2d 1276, 1280 (M.D. Fla. 2002). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985). While a court is authorized to dismiss a complaint on the basis of a dispositive issue of law, a complaint should not be dismissed unless it appears beyond all doubt that the plaintiffs can prove no set of facts that would entitle them to relief. Executive 100, Inc. v. Martin County, 922 F.2d 1536, 1539 (11th Cir. 1991). A trial court is required to view the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232 (1974). At this stage of litigation, a court must accept the plaintiff's allegations as true and dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).

## DISCUSSION

Defendants Bahia Sun seeks to dismiss Count I of the complaint on the basis of Defendants' claim that the real estate sale at issue was exempt from compliance with ILSA, 15 U.S.C. 1701, et seq., which otherwise requires an interstate land developer to produce extensive materials about contracts, homeowner associations, and a detailed property report. (Dkt. 4). In their Motion for Dismissal, Defendants assert that the Contract at issue was excepted by a statutory exemption in 15 U.S.C. 1702(a)(2) which applies to any residential sale under a contract obligating the seller to construct a residence within a period of two years. (Id. at 2). Defendants further assert that the relevant Contract language covering the expected completion date of the residence is dispositive of the ILSA exemption qualification issue. (Id. at 2). Quoting a portion of the Contract identified as Exhibit A of the complaint (Dkt. 1), Defendants cite the specific language which they purport creates an obligation to complete construction within two years. (Dkt. 4 at 3).

The complaint alleges that Plaintiffs signed the Contract on December 27, 2004, with Bahia Sun, at which time Plaintiffs tendered $53, 924.00 as earnest money and Bahia Sun agreed to construct a residence within a period of two years. (Dkt.1 at 3-5). However, Plaintiffs allege that not only did Bahia Sun fail, in fact, to complete the construction within two years, but, further, that when Plaintiffs attempted in June, 2007, to revoke the Contract and obtain a refund of earnest money as permitted by 15 U.S.C. 1703(d), Defendants responded with correspondence asserting that the Contract

did not represent a binding obligation for completion within two years. (Id. at 4-5). Therefore, the substance of Plaintiffs' claim in Count I is that the Defendants failed as required to comply with the provisions of ILSA, 15 U.S.C. 1701, et seq. and that the Contract language was not intended by the Defendants to represent a binding commitment for construction within two years and Defendants were not, therefore, exempt under 15 U.S.C. 1702. (Id. at 3-5). Plaintiffs further claim that as a result of Defendants' failure to comply with ILSA, Plaintiffs are entitled to certain remedies specified in 15 U.S.C. 1703 and 1709. (Id. at 5-6).

Defendants Bahia Sun, in their Motion to Dismiss rely upon language in the Contract implying a commitment for construction within two years with certain reservations and case authority defining the circumstances in existence at the time a purchaser signs a sales contract as controlling eligibility for an ILSA exemption. (Dkt. 4 at 3-4) (citing Winter v. Hollingsworth Properties, Inc., 777 F.2d 1444, 1450 (11th Cir. 1985). While this appears to the Court to be an accurate interpretation of Winter v. Hollingsworth Properties as to that specific point of law, the point of dispute raised in Count I of the complaint is whether or not the Contract here represented a binding commitment for construction within two years, triggering the ILSA exemption. (Dkt. 1 at 4-5). In reversing the district court's grant of summary judgment for a seller in Winter v. Hollingsworth Properties, the Eleventh Circuit was defining the time of sale in relation to the separate "Improved Lot" Exemption provided by ILSA as existing at

the time the sales contract was executed.  Winter v. Hollingsworth Properties, Inc., 777 F.2d at 1450.  In other words, the building must exist at the time the sales contract is consummated, not at the time of final settlement, for a seller to qualify for the Improved Lot Exemption.  (Id.).

   Plaintiffs have asserted that they can, and will be able to, produce facts and circumstances attendant to the Contract sufficient to prove that the Contract was not intended by Defendant Bahia Sun to be a binding commitment for construction of Plaintiffs' residence within the two-year time frame justifying the relevant ILSA exemption.  (Dkt. 1 at 4-5).  Notwithstanding some Contract language favorable to the Defendants, under the applicable standard of review at this stage of this litigation, the Court must accept the Plaintiffs' allegation in Count I as true.

   Defendants Bahia Sun also seek to dismiss Count II of the complaint, a breach of contract claim filed under the Court's supplemental subject matter jurisdiction. Plaintiffs have alleged that under the terms of the Contract signed December 27, 2004, Defendants agreed to construct a residence by December 27, 2006, and agreed to certain other terms which Defendants failed to honor as agreed (Dkt. 1 at 6-7). Plaintiffs have further alleged that they fulfilled their contractual obligations and paid $53,924.00 earnest money deposit as consideration, which Defendants failed to return as agreed under Contract terms.  (Id.).  Plaintiffs claim to have incurred additional damages and costs due to Defendants' breach of the Contract and which are

recoverable by its terms.  (Id.).  This Court must accept these allegations as true for its analysis of a Motion to Dismiss and must only grant such a motion if no relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  Under this standard and at this time, it is clear that Count II should not be dismissed.

## Conclusion

Counts I and II of Plaintiffs' complaint properly make claims for relief under applicable federal law and supplemental subject matter jurisdiction.  The representations made by the Defendants' Motion to Dismiss (Dkt. 4) are insufficient to overcome the presumptions enjoyed by the Plaintiffs at this stage of the proceedings. Accordingly, it is

**ORDERED** that Bahia Sun's Motion to Dismiss Complaint (Dkt. 4) be **DENIED**. Bahia Sun has ten days from this date to answer the complaint.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 22nd day of

February, 2008.

                ELIZABETH A. KOVACHEVICH
                UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record