UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SCOTT BUSH and LISA NAFIS,

    Plaintiffs,

Case No. 8:07-cv-1314

vs.

BAHIA SUN ASSOCIATES, LIMITED
PARTNERSHIP, a Florida Limited
Partnership and BAHIA SUN REALTY
CORPORATION, a Florida Corporation,

    Defendants.
_____/

## PLAINTIFFS' MOTION TO REOPEN DISCOVERY, EXPERT DISCLOSURE AND FOR CONTINUANCE OF THE TRIAL

Plaintiffs, SCOTT BUSH and LISA NAFIS, by and though their undersigned counsel file their Motion to Reopen Discovery, Expert Disclosure and for Continuance of the Trial, and state:

### MEMORANDUM

Count I of Plaintiffs' Complaint seeks relief pursuant to the Interstate Land Sale Act 15 U.S.C. 1701 et seq. Sections 1703(b) and (c) of that Act provide for revocation of a purchase agreement if the sale of any property is not exempt from the Act and certain violations of the Act can be proven.

Plaintiffs allege a violation of Sections 1703(b) and 1703(c), which allow revocation if a purchase agreement does not state a seven day right of rescission right or if a property report has not been provided to the purchaser.

Plaintiffs also allege a violation of Section 1703(a)(1)(A). A 1703(a)(1)(A) violation does not specifically provide the right of revocation but pursuant to 1709(a) allows the court to

order damages, specific performance, or such other relief as the court deems fair, just, and equitable.

Plaintiff had intended to prove the right of revocation pursuant to 1703(b) or (c) and would not have needed significant discovery or an expert witness to do so, since neither a property report was provided to Plaintiffs nor was there a seven day right of rescission provision included within the purchase and sale agreement.

On November 7, 2007, Defendants filed a Motion to Amend its Answer and Affirmative Defenses to add a statute of limitations defense based upon recent case authority holding that a claim of relief pursuant to 1703(c) is barred if revocation occurs later than two years from execution of a purchase and sale agreement, which in fact occurred in the case at bar.

Because of this case authority, it has become necessary for Plaintiffs to propound discovery to Defendants to confirm that the seven day right of rescission was not provided and otherwise to prove damages pursuant to 1703(a)(1)(A). The proof of damages pursuant to 1703(a)(1)(A) may require that Plaintiffs show that the delays in construction of the unit in question caused a diminutions in value of the unit by the time it was constructed and ready for occupancy. Proof of damages pursuant to 1703(a)(1)(A) will also require that corporate representatives of Defendants be deposed and may require that an expert testify as to damages.

Plaintiffs may also now have to prove damages pursuant to Count II of their Complaint for breach of contract. To prove damages pursuant to Count II of the Complaint, Plaintiffs will be required to prove that Defendants failed to complete the construction of the unit within two years subject to acts recognized under Florida law as acts of God, force majeure or impossibility of performance. To this end, Plaintiffs will need to review the construction documents and records of Defendants and may need expert testimony to opine that Defendants were not delayed

in the construction of the unit to the extent to qualify as impossibility of performance under Florida law.

Defendants have agreed to the corporate representative deposition or depositions, if more than one person needs to be designated to respond to the areas of inquiry indicated to Defendants counsel by the undersigned, to occur beyond the discovery cut-off date of December 15, 2008. The undersigned was also under the impression that counsel for Defendants was agreeable to producing documents beyond the discovery cut-off date, whether it be pursuant to a notice of deposition duces tecum or a Request to Produce, but is unsure of that fact based upon a recent conversation with Defendants counsel. Defendants' counsel has indicated that he is opposed to extending the expert disclosure date and to a short trial continuance within which for Plaintiffs to conclude their discovery

## **CONCLUSION**

Plaintiffs respectfully request that the Court grant their motion to reopen discovery and expert disclosure and grant a continuance of the trial date.

## **CERTIFICATE PURSUANT TO LOCAL RULE 3.01(g)**

I hereby certify that I conferred with counsel for Defendants to resolve the issues raised in this Motion. Counsel for Defendants opposes the Motion.

**CERTIFICATE OF SERVICE**

I certify that on this 29th day of December, 2008, I electronically filed the foregoing with the Clerk of Court by using CM/ECF system which will send a notice of electronic filing to **Jennifer Nicole, Esquire** and **Robert R. Warchola, Jr., Esquire** as attorneys of record for the Defendants.

                                      LANGFORD, MYERS & ORCUTT, P.A.

                                      /s/ Gregory J. Orcutt
                                    GREGORY J. ORCUTT, ESQUIRE
                                    1715 West Cleveland Street
                                    Tampa, Florida 33606
                                    Florida Bar No. 230855
                                    (813) 251-5533
                                    (813) 251-1900 – Facsimile
                                    gregor@lmolaw.com
                                    Attorney for Plaintiffs