# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

SCOTT BUSH and LISA NAFIS,

     Plaintiffs,

vs.                                CASE NO.  8:07-cv-1314-T-17-EAJ

BAHIA SUN ASSOCIATES, LIMITED
PARTNERSHIP, a Florida Limited
Partnership, and BAHIA SUN REALTY
CORPORATION, a Florida corporation,

     Defendants.

_____/

## ORDER ON PENDING MOTIONS

This cause comes before the Court on Defendants' Motion for Partial Summary Judgment (Dkt. 23) and response thereto (Doc. 24).  Also before the Court are Plaintiffs' Motion to Supplement Complaint (Doc. 17), and response thereto (Doc. 22), as well as Plaintiffs' Motion to Reopen Discovery, Expert Disclosure and Continuance of the Trial (Doc. 18), and response thereto (Doc. 21).  Further, Defendants' have filed a Motion to File Amended Answer and Affirmative Defenses (Doc. 16).  Plaintiffs have filed no response to this motion.

For reasons set forth below, the Defendants' Motion for Partial Summary Judgment should be GRANTED in part and DENIED in part, Plaintiffs' Motion to Supplement Complaint is GRANTED, Plaintiffs' Motion to Reopen Discovery, Expert Disclosure and Continuance of the Trial is DENIED, and Defendants' Motion to File Amended Answer and Affirmative Defenses is GRANTED.

## BACKGROUND

Plaintiffs filed a two-count complaint against Defendants, Bahia Sun Associates Limited Partnership and Bahia Sun Realty Corporation (hereafter "Defendants"), on July 26, 2007 (Doc. 1). Count I alleges that Defendants, developers and sellers of real estate, as defined by the Interstate Land Sales Full Disclosure Act (ILSA), 15 U.S.C. § 1703 (2006), violated ILSA provisions in contracting with Plaintiffs for the interstate sale of certain Florida real estate in a sales contract (hereafter "Contract") executed on December 27, 2004. (Id. at 3). Specifically, among other violations, Plaintiffs' complaint alleges that Defendants failed to provide a property report prior to the Contract's signing as required by 15 U.S.C. § 1703(c), and, further, that the Contract did not contain any indication that a statement of record was in effect with respect to the Property as required by 15 U.S.C. § 1703(d). Plaintiffs assert that Defendants' specific failure to comply with ILSA provided a basis in federal law for rescission of the Contract. Therefore, on June 26, 2007, two years and six months after the signing of the Contract, Plaintiffs attempted to exercise their option to rescind as provided for in 15 U.S.C. § 1703(d). Defendants Bahia Sun refused to recognize this rescission or refund Plaintiffs' $53,924.00 earnest money deposit along with applicable, interest, costs and attorneys' fees as provided for in 15 U.S.C. § 1709 (2006). (Id. at 5.)

Plaintiffs' complaint acknowledges that 15 U.S.C § 1702 (2006) provides an exemption to the requirements of ILSA for the sale of land obligating the seller of land to erect a building thereon within two years. However, Plaintiffs asserts that the Contract did not meet the requirements of this exemption. (Id. at 4). Plaintiffs further allege that Defendants did not complete construction of the residence called for by the Contract within two years and that in July of 2007, Defendants forwarded correspondence to the Plaintiffs indicating that Defendants

were not bound to complete the construction within two years.  (Id. at 4-5).  Section 3 of the

Contract, entitled CLOSING DATE states in pertinent part:

> **Notwithstanding the foregoing, Seller unconditionally agrees to complete the construction within a period of two (2) years after the Effective Date**, subject to acts recognized under Florida law as acts of God, force majeure or impossibility of performance, including, but not limited to, the unavailability or shortages of materials, strikes or other labor problems (the "Firm Completion Date").  If Seller does not substantially complete construction of the Improvements by the Firm Completion Date, Buyer may terminate this Agreement and thereupon the Deposit shall be returned to Buyer.

Bold lettering is indicative of how the language appears in Section 3 of the Contract.

Count II, brought in this Court under the supplemental subject matter jurisdiction

authorized by 28 U.S.C. § 1367(a) (2006), alleges a Breach of Contract by Defendants Bahia Sun

for failure to complete the residence as specified by the Contract signed December 24, 2004.

(Doc. 1 at 2, 6).  Plaintiffs further assert that they have performed all conditions precedent to be

performed by the Plaintiffs or the conditions have occurred and that Plaintiffs' demands for

refund of their earnest money deposit have been refused by Defendants.  (Id. at 6).

After moving to dismiss the Complaint, which was denied (Doc. 4), Defendants filed an

Answer and Affirmative Defenses on March 3, 2008 (Doc. 8).  The parties agreed that Plaintiffs

would make a disclosure of expert testimony on or before October 1, 2008.  The parties also

agreed that Plaintiffs would commence all discovery in time for it to be completed on or before

December 15, 2008.  Specifically, within paragraph 3(a)(4) of the parties' Case Management

Report (Doc. 9), Plaintiffs' stated that "Plaintiffs do not seek an extension of time to conduct

depositions at this time, however they reserve such right should the need arise upon the

discovery of facts in the future which may necessitate such need."  This Court's Case

Management and Scheduling Order (Doc. 10) did not address such request.  A tentative non-jury

trial date of on or after January 15, 2008, was also set forth and agreed upon by the parties.

(Doc. 9, ¶ 11; Doc. 10 ¶ 5).

On November, 10, Defendants filed a Motion to File First Amended Answer and

Affirmative Defenses.  Plaintiffs did not oppose the request by Defendants to add a statute of

limitations defense in the amended answer.  As stated above, the deadline for discovery expired

on December 15, 2008 (Doc. 9; Doc. 10).  On December 23, 2008, Plaintiffs filed a Motion to

Supplement Complaint (Doc. 17).  The Plaintiffs' original complaint states in pertinent part:

### COUNT I-VIOLATION OF INTERSTATE LANDS SALES FULL DISCLOSURE ACT

10.  15 U.S.C. 1703 provides, inter alia, that it shall be unlawful for any developer
or agent to make use of any means or instruments of communication in interstate
commerce, or of the mails with respect to the sale of any property not exempt
under section 1702, unless:
A.       a statement of record is in effect with respect to such property in
         accordance with section 1706;
B.       a printed property report, meeting the requirements of section 1707 has
         been furnished to purchaser in advance of the signing of any contract...

26.  As a result of Defendants failure to comply with there requirements of ILSA,
Plaintiffs are entitled to rescission of the Contract, return of their earnest money
deposit in the amount of $53,924.00, interest from December 27, 2006 to date of
judgment, and attorneys fees and costs incurred in the prosecution of this matter.

(Doc. 1).  The Plaintiffs' supplemental complaint proposed the following additions and

clarifications:

**11.  15 U.S.C. 1703(b) provides that any contract for the sale or lease of a lot
not exempt under section 1702 of this title may be revoked at the option of
the purchaser or lessee until midnight of the seventh day following the
signing of such contract or agreement or until such alter time as may be
required pursuant to applicable State laws, and such contract or agreement
shall clearly provide this right**.

16.  The Contract does not contain any indication, nor have Plaintiffs ever
received notice that a statement of record is in effect with respect to the Property,
**as required by Section 1703(a)(1)(A).**

**18.  The Plaintiffs' purchase and sale agreement did not state the purchasers
right to revocation until midnight of the seventh day following the signing of**

**such agreement or until such later time as may be required pursuant to Florida State law, as required by Section 1703(b).**

(Doc. 17-2).  Bold lettering is indicative of supplemented language to the original complaint.  No proposed changes were requested as to Count II of the original complaint.

On December 29, 2008, Plaintiffs filed a Motion to Reopen Discovery, Expert Disclosure, and for Continuance of the Trial (Doc. 18).  Defendants filed oppositions to both the Motion to Supplement Complaint and the Motion to Reopen Discovery, Expert Disclosure, and for Continuance of the Trial. (Doc. 21, Doc. 22).

## STANDARD OF REVIEW

Summary judgment is appropriate when the facts properly supported by the record and taken in the light most favorable to the non-moving party "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The party moving for summary judgment has the burden to prove the absence of a genuine issue of material fact on all matters alleged in the pleadings.  Fed. R. Civ. P. 56(c); Beal v. Paramount Pictures, Corp., 20 F.3d 454, 458 (11th Cir. 1994).  A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The evidence presented must be construed in favor of the non-moving party, and that party must receive the benefit of all favorable inferences that can be drawn from that party's evidence. *United States v. Diebold*, Inc., 369 U.S. 654, 655 (1962).  "[T]he opposing party must counter the moving party's affidavits with opposing affidavits or other competent evidence setting forth specific facts to show that there is a genuine issue of material fact for trial." *United*

*States v. An Article of Drug*, 725 F.2d 976, 984-985 (5th Cir. 1984). The opposing evidence must be based on admissible evidence of facts and may not be based upon conclusory allegations. *Bloodsworth v. Smith & Nephew, Inc.*, 476 F. Supp. 2d 1348, 1350 (M.D. Ala. 2006) (quoting *Douglass v. United Serv. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996)). Once the movant meets the initial burden of demonstrating the absence of a genuine issue of material fact, summary judgment is appropriate if the non-movant fails to make a showing to establish the existence of an element essential to its case, which it has the burden of proof at trial. *Celotex*, 477 U.S. at 322. The Court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 249.

## DISCUSSION

I. **Defendants' Motion to File First Amended Answer and Affirmative Defenses**

This Court's discretion to permit or deny leave to amend is guided by the requirements of Fed. Rule Civ. P. 15(a). The Court is directed to grant leave to amend freely when justice so requires. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d. 222 (1962). In deciding whether to grant leave to amend a pleading, the Court may consider several factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, and futility of amendment." *Equity Lifestyle Props., Inc. v. Florida Mowing and Landscape Service, Inc.*, 2009 U.S. App. LEXIS 2140, at *19-20, 21 Fla. Weekly Fed. C 1463 (11th Cir. Fla. Feb. 4, 2009) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962). Defendants' original answer and affirmative defenses was filed on March 3, 2008. To justify the November 10, 2008, amended answer and affirmative defense, Defendants contend

that recent relevant judicial precedent prompts the need to amend their original answer and affirmative defenses. Specifically, Defendants cite to the ruling in *Ditthardt v. North Ocean Condos, L.P*, handed down on July 11, 2008, to explain their request for the addition of an affirmative defense. 580 F. Supp.2d 1288 (S.D. Fla. 2008). Although such defense could have been submitted in a more timely manner than the four months between such ruling and Defendants' request to amend, this Court finds no showing of undue delay, bad faith or dilatory motive, or any failure to cure through previous amendment because this case law fueling Defendants' desire to amend their affirmative defenses was not yet available at the time of their original answer on March 3, 2008 (Doc. 8). Further, this Court finds no undue prejudice to Plaintiffs as Plaintiffs did not oppose this motion, such motion was submitted within the agreed upon discovery period, before the deadline for dispositive motions, and Defendants' proposed amended answer consists of a legal issue that does not add any new issues, or new facts, and is simply an additional legal theory of defense for the Defendants. Finally, futility of the amendment would not appear to be a valid reason to deny Defendants' request to incorporate what purports to be a valid affirmative defense to the Plaintiffs' complaint. Accordingly, in light of these facts, and combined with Plaintiffs' lack of opposition to this motion, Defendants' Motion to File First Amended Answer and Affirmative Defenses is GRANTED, and it shall be filed within five (5) days of this date.

## II. Plaintiffs' Motion to Supplement Complaint

Plaintiffs seek leave of this Court to file a supplement to their Complaint to specifically allege a violation of 15 U.S.C. § 1703(b) (2006) and clarify that paragraph 15 of the original complaint (Doc. 1) refers to the requirements of 15 U.S.C. § 1703(a)(1)(A). As stated above, the Federal Rule of Civil Procedure 15(a) allows a party to amend a complaint once as a matter of

course or, if a responsive pleading has already been filed, either by agreement of opposing parties or by leave of court. Rule 15(a) also states that "leave shall be freely given when justice so requires." Also referred to above, the United States Supreme Court in *Foman v. Davis* has stated:

> in the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc -- the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely of that discretion and inconsistent with the spirit of the Federal Rules.

371 U.S. 178, 182 (1962). Accordingly, the grant or denial for leave to amend is within the discretion of this Court. *Foman*, 371 U.S. at 182. In keeping with the "spirit of the Federal Rules," leave to amend is to be freely given and cannot be outright denied without a justifying reason. As set forth above in Section I, in deciding whether to grant leave to amend a pleading, the Court may consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, and futility of amendment. *Equity Lifestyle Props., Inc*, 2009 U.S. App. LEXIS 2140, at *19-20, (11th Cir. Fla. Feb. 4, 2009) (quoting *Foman v. Davis*, 371 U.S. 178 (1962).

Plaintiffs contend that the requirements of providing notice to the Defendants of the claims for relief have been met with the general allegation of a violation of 15 U.S.C. 1703, as set forth in Plaintiffs' original complaint. (Doc. 1) The Federal Rule of Civil Procedure 8(a)(2) requires that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has interpreted

this rule by providing that "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929, 940). Specifically, Plaintiffs explain that "although Plaintiffs would contend that pursuant to the notice pleading requirements of the Federal Rules, a violation of 1703(b) is already at issue in this lawsuit, Plaintiffs seek leave to specifically allege a violation of this Section of the Act" (Doc.17 at 2). In arguing to support their Motion to Supplement Complaint (Doc. 17), Plaintiffs further highlight that "[t]he specific allegation of a violation of 15 U.S.C. § 1703(b) will not require any additional issues or new facts to the case" (Doc. 17 at 3).

Defendants argue that allowing Plaintiffs to amend the complaint eighty-three (83) days after the expert disclosure deadline, eight (8) days after the discovery cut-off, and only twenty-three (23) days before the deadline for dispositive motions is not only untimely, but also prejudicial to Defendants. This Court recognizes that Fed. Rule of Civ. P. 15(c) allows an amended pleading to "relate back" to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out -- in the original pleading." Upon reviewing the Plaintiffs' original complaint (Doc. 1), this Court agrees with Plaintiffs that the original complaint, as generally plead, encompasses alleged violations of 15 U.S.C. § 1703(a)(1)(A) and § 1703(b). Thus, the Court does not view the Plaintiffs' request to supplement the original complaint as an amendment to set forth new allegations, but rather as a clarification of what Plaintiffs originally plead and stated in their complaint on July 26, 2007. Accordingly, Plaintiffs should be allowed to specifically plead what was already generally at issue in this lawsuit, which is neither

untimely nor unduly prejudicial to Defendants in light of the Plaintiffs original complaint. Further, the Court does *not* view such one-time supplement to the Plaintiffs complaint as futile or sought in bad faith.

In the instant case, Plaintiffs attempt to supplement their complaint does not run afoul of any of the concerns expressed by the United States Supreme Court in *Foman* or those in which Defendants cite.   Accordingly, Plaintiffs' Motion to Supplement Complaint is GRANTED, and the supplemental Complaint shall be filed within five (5) days of this date.


**III.    Plaintiffs' Motion to Reopen Discovery, Expert Disclosure and for Continuance of the Trial**

**A.    Count I**

As stated above in Section II, Plaintiffs argue in support of their Motion to Supplement Complaint (Doc. 17) that "[t]he specific allegation of a violation of 15 U.S.C. § 1703(b) will not require any additional issues or new facts to the case."   (Doc. 17 at 3).  If such is the case, upon considering that Plaintiffs would further contend that "pursuant to the notice pleading requirements of the Federal Rules, a violation of 1703(b) is already at issue in this lawsuit," (Doc. 17 at 2) in reference to Plaintiff's own original complaint, to allow Plaintiffs to reopen discovery after discovery has expired when Plaintiffs had notice of Defendants new affirmative defense as of November 10, 2008, a date prior to the December 15, 2008 discovery cutoff, would appear to create undue prejudice for the Defendants.  While the Court does not view it to be prejudicial to Defendants for Plaintiffs to be permitted to clarify the contents of the pleading within the Plaintiffs' original complaint as permitted in Section II above, allowing Plaintiffs to reopen discovery under the facts at hand would appear to be prejudicial to the Defendants upon considering the Plaintiffs disregard of the Court's Case Management and Scheduling Order.

Plaintiffs assert that "because of [Defendants' new statute of limitations affirmative defense], it has become necessary for Plaintiffs to propound discovery to Defendants to confirm that the seven day right of rescission [of § 1703(b)] was not provided as required by ILSA and otherwise to prove damages pursuant to § 1703(a)(1)(A). (Doc. 18 at 2). However, upon Plaintiffs' own argument that the supplemental complaint only clarifies what was already plead in the original complaint, Plaintiffs' reasoning for now requesting the reopening of discovery for § 1703(a)(1)(A) and § 1703(b) is without merit. Plaintiffs' own argument justifies the prejudicial aspects of allowing Plaintiffs to reopen discovery when Plaintiffs alleged a violation of ILSA generally without specific section allegations in the original complaint. As stated in Plaintiffs' Motion to Supplement Complaint, and in referring to the contents of Plaintiffs' original complaint, "Plaintiffs contend that the requirements of providing notice of the claims for relief have been met with the allegation of a violation of 15 U.S.C. 1703." (Doc. 17 at 3) If Plaintiffs believe that this original pleading was enough to put the Defendants on notice of allegations of a violation of not only § 1703(c) and § 1703(d), but also of § 1703(a)(1)(A) and § 1703(b), Plaintiffs have provided insufficient reasoning to explain why they have delayed discovery on § 1703(a)(1)(A) and § 1703(b). It only seems just that if Plaintiffs allege that the original pleading put Defendants on notice of allegations of violations of § 1703(a)(1)(A) and § 1703(b), that such pleading would have also put Plaintiffs *themselves* on notice of such allegations as to spur discovery on such claims. Upon such reasoning, Plaintiffs had every opportunity to pursue discovery based upon the sections of ILSA in which they sought to allege violations. The Court will not reward Plaintiffs' delay by allowing additional discovery past the deadline for claims Plaintiffs apparently did not believe they would have to seek against Defendants (until Defendants production of valid affirmative defenses to the claims Plaintiffs

were hoping to pursue).

Further, if Plaintiffs felt compelled to conduct additional discovery based upon the issues raised in the Defendants' Motion to Amend Answer and Affirmative Defenses (Doc. 16), Plaintiffs had ample time within which to do so before the discovery cut-off date of December 15, 2008. As stated in a previous Order, "[p]ursuant to Rule 34(b)(2)(A), Fed. R. Civ. P., a party must respond to a request for documents within thirty days of being served." (Doc. 26 at 1). Further, "the requesting party should ensure that the deadline for such production does not exceed the deadline for discovery." (Id.); *see e.g. Homes and Land Affiliates, LLC v. Homes & Loans Magazine, LLC*, 6:07-CV-1051-ORL-28DAB, 2008 WL 4186989, at *2 (M.D. Fla. Sept. 8, 2008). Accordingly, Plaintiffs had a five day window, from November 10, 2008 to November 15, 2008, to move for discovery based upon § 1703(a)(1)(A) and § 1703(b) and still obtain Defendants' responses before the discovery deadline of December 15, 2008. However, Plaintiffs waited until fourteen (14) days past the discovery deadline, and forty-nine (49) days after receiving notice of Defendants' additional affirmative defense on November 10, 2008, to even request reopening discovery.

As for the October 8, 2008, deadline for expert disclosure, the Court would be more prone to allow such late submission, had Plaintiffs been diligent in seeking such submission in light of the Defendants' newly-asserted affirmative defense as of November 10, 2008. However, such was not the case as Plaintiffs waited until December 29, 2008, or forty-nine days after Defendants' notice of a new affirmative defense, to similarly request relief to file a late expert disclosure for this case.

This Court reinforces such views with the strong policy concerns that flow from a plaintiff's attempt to plead generally only to seek clarification or amendment of such pleading

*past the deadline for discovery* in reaction to the strength of a defense raised *prior* to the deadline for discovery where there was sufficient time for a plaintiff to seek amendment in a timely manner as to conform with the allotted discovery period.  In essence, such a plaintiff is only seeking to amend a complaint as necessary to justify reopening discovery based upon the strength of the defenses raised by the defendant to the plaintiff's original complaint, and further seek such amendment *after* discovery has ended.  It seems unjust and inefficient to allow a plaintiff to amend a pleading and reopen discovery at will when such request is past the discovery deadline and in apparent response to a defendant's pre-discovery deadline production of an adequate legal defenses as to prevent plaintiff's previous desired course of action.  This manner of maneuvering on the part of a plaintiff will not be rewarded here.

## B.     Count II

Upon recognizing that Plaintiffs' request to supplement the original complaint never attempted to clarify or alter any aspect of Count II of the complaint, that Plaintiffs now justify that they "may also now have to prove damages pursuant to Count II of their Complaint for breach of contract" as reasoning for the reopening of discovery, filing a late expert disclosure and seeking continuance of the trial is also without merit.  (Doc. 18 at 2).  Such proof of damages was always the case regardless of Defendants' amended answer and affirmative defense on November 10, 2008, and regardless of Plaintiffs' supplemental complaint.  Plaintiffs have not attempted to alter, supplement or amend any part of the complaint pertaining to Count II and have provided no convincing justification for failing to conduct discovery or provide an expert witness for Count II within the time line agreed upon in the parties' Case Management and Scheduling Order (Doc. 10).  The Court views such failure to act as undue delay and further deems allowing Plaintiffs' request for relief as unduly prejudicial to the Defendants.  The

discovery cut-off date was December 15, 2008. The expert disclosure deadline was October 1, 2008. Defendants' amended answer and affirmative defense granted in Section I pertains to Count I of Plaintiffs' complaint exclusively. The Court finds Plaintiffs' reasoning for reopening discovery, expert disclosure and continuance of trial unpersuasive as to Count II.

With insufficient reasoning as to justify reopening discovery or allowing an expert disclosure at this time for either Count I or Count II, the Court additionally has no reason to permit a continuance of trial. This Court finds the Plaintiffs' reasoning and arguments for reopening discovery, expert disclosure, and continuance of the trial to be inadequate. Accordingly, Plaintiffs' Motion to Reopen Discovery, Expert Disclosure and For Continuance of the Trial is DENIED.

## IV.    Defendants' Motion for Partial Summary Judgment of Count I of the Complaint

Because the only issues presented in Defendants' Motion for Partial Summary Judgment are limited to (1) whether Plaintiffs timely invoked their statutory rescission rights and (2) whether Plaintiffs claim for rescission is barred by the applicable statute of limitations, the Court will assume (without deciding) for purposes of this Order that the Contract was *not* exempt from ILSA and that Defendants violated ILSA in the manner described in Count One (Defendants' motion merely claims exemption from ILSA and fails to argue or point to specific evidence to support such exemption). The Court notes Defendants' apparent belief that only § 1703(c) and § 1703(d) are at issue in this matter. Specifically, Defendants' Motion for Partial Summary Judgment does not address Plaintiffs' claims of violations of § 1703(a)(1)(A) and § 1703(b). At the time of filing of Defendants' Motion for Partial Summary Judgment on January 15, 2009, this Court had yet to rule on Plaintiffs' Motion to Supplement the Complaint, which clarified the complaints' inclusion of violations of § 1703(a)(1)(A) and § 1703(b). As set out above in

Section II, Defendants' opposition to Plaintiffs' Motion to Supplement the Complaint

unsuccessfully argued to limit Plaintiffs' claims to § 1703(c) and § 1703(d), and, therefore,

exclude violations of § 1703(a)(1)(A) and § 1703(b).  This Court views Plaintiffs' original

complaint as encompassing not only rescission claims under § 1703(c) and § 1703(d), but also

violations of § 1703(a)(1)(A) and § 1703(b) as well.  As Defendants did not address violations of

§ 1703(a)(1)(A) or § 1703(b) in their Motion for Partial Summary Judgment, Defendants'

motion will only be ruled upon based on § 1703(c) and § 1703(d).

     Plaintiffs' complaint alleges that Defendants failed to provide the property report prior to

the Contract's signing as required by 15 U.S.C. § 1703(c), and that the Contract did not contain

any indication that a statement of record is in effect with respect to the Property as required by

15 U.S.C. § 1703(d).  Defendants argue that because Plaintiffs did not request rescission of the

Contract within the two year statutory requirement as required by both § 1703(c) and § 1703(d),

that Plaintiffs' claims for rescission under § 1703(c) and § 1703(d) fail.  Pursuant to § 1703(c),

where a "property report has not been given to the purchaser or lessee in advance of his or her

signing such contract or agreement, such contract or agreement may be revoked at the option of

the purchaser or lessee within two years from the date of such signing, and such contract or

agreement shall clearly provide this right."  15 U.S.C. § 1703(c).  Further, pursuant to § 1703(d),

> [a]ny contract or agreement which is for the sale or lease of a lot not exempt
> under section 1403 and which does not provide a description of the lot which
> makes such lot clearly identifiable and which is in a form acceptable for recording
> by the appropriate public official responsible for maintaining land records in the
> jurisdiction in which the lot is located . . . may be revoked at the option of the
> purchaser or lessee for two years from the date of the signing of such contract or
> agreement.

15 U.S.C. § 1703(d).  Plaintiffs entered the Contract on December 27, 2004.  Plaintiffs' right of

rescission under § 1703(c) and § 1703(d) expired on December 27, 2006, and Plaintiffs did not

request rescission of the Contract until June 26, 2007, six (6) months after the rescission deadline.  On July 26, 2007, Plaintiffs filed a complaint claiming a legal right to rescission pursuant to ILSA § 1703.  Therefore, the issue before the court is whether Plaintiffs may file a legal claim for rescission under § 1703(c) and § 1703(d) after two years of the contract's date of signing if they did not request rescission of the Contract from the Defendants within two years from the Contract's date of signing.  *Taylor v. Holiday Isle, LLC*, explored below, is directly on point with this issue under the facts at hand.  561 F. Supp. 2d 1269 (S.D. Ala. 2008).

In *Taylor*, a plaintiff sought to rescind a contract pursuant to ILSA by alleging violations of 15 U.S.C. § 1703 for failure to provide a property report to the purchaser in advance of the execution of the contract.  561 F. Supp. 2d at 1270.  Similar to the present case, the plaintiffs in *Taylor* attempted to exercise their right of rescission after two years of the signing of the contract, but before three years had passed since such signing.  *Id.*  Upon denial of revocation by the seller, the plaintiffs filed a legal claim of rescission within three-years of the contract's formation.  *Id.*  The court found that the plaintiffs' legal rescission claim was time-barred because they had "failed to comply with § 1703(c)'s two-year period for rescinding the [contract.]"  *Id.* at 1273.  This Court notes a difference between requesting rescission of the contract within two-years (and getting denied by the seller) and filing a legal claim of rescission within two years which spurs the following legal issue.  "Section 1709 of [ILSA] allows a purchaser to sue a seller to enforce the purchaser's rights under section 1703."  *Gilmore v. The Residences at Sandpearl Resort, LLC*, 2008 U.S. Dist. LEXIS 84034, at *3 - 4. (M.D. Fla. September 26, 2008).  Further, "[s]ection 1711 provides a three-year limitation for enforcement of a right created by section 1703."  *Id.* at *4.  As a result of an apparent clash between § 1709(b) as it applies to § 1703(c) and § 1703(d), prior court's have wrestled with how to interpret the

three-year statute of limitations of § 1711 in light of the two-year statute of limitations for §

1703(c) and § 1703(d). *See Gilmore*, 2008 U.S. Dist. LEXIS 84034; *Ditthardt v. North Ocean

Condos, L.P.*, 580 F. Supp. 2d 1288 (S.D. Fla. 2008); *Taylor*, 561 F. Supp. 2d 1269. The *Taylor*

court explored such issues with the following reasoning directly relevant to the case at hand:

> Is it possible, then, to harmonize the two-year period set forth in § 1703(c) with
> the three-year limitations period established by 1711(b)? The Court believes it is.
> The two provisions may be construed in a coherent and congruent fashion as
> follows: Section 1703(c) provides that a purchaser must exercise revocation rights
> within two years. **If the developer/seller refuses to honor the purchaser's
> timely rescission of the purchase agreement under § 1703(c), then the
> purchaser has a third year (pursuant to § 1711(b)) in which to file suit to
> enforce that right of rescission.** But if the purchaser fails to rescind the contract
> within those first two years, as required by § 1703(c), that right of rescission is
> extinguished by the plain operation of that section, such there would no longer be
> any § 1703(c) right to enforce via the three-year limitations period provided by §
> 1711(b).

561 F. Supp. 2d at 1273 (emphasis added). The court further stated that "§ 1703(c) only

provides a right to rescind for two years." *Id.* at 1274. "If a purchaser fails to exercise that right

within two years, then there is no § 1703(c) rescission right to enforce via a § 1709(b) lawsuit."

*Id*. Although *Taylor* is specific to § 1703(c), it is this Court's view that such interpretation

would similarly apply to § 1703(d) as both ILSA provisions, § 1703(c) and § 1703(d), provide a

two-year window to revoke a contract from the date of signing. Thus, this Court holds that if a

buyer does not request to rescind a contract within two-years of signing, such buyer will lose the

right to a legal claim of rescission under § 1703(c) and § 1703(d) unless such legal claim is filed

within two years of signing. Applying such interpretation to the case at hand, Plaintiffs' attempt

to rescind on June 26, 2007 is untimely as it did not occur within two years from the date of the

Contract's formation. Accordingly, Plaintiffs' legal claim to rescission of the Contract pursuant

to § 1703(c) and § 1703(d) was extinguished when Plaintiffs failed to request rescission of the

Contract by December 27, 2006.

Defendants also argue that because Plaintiffs filed the present action on July 26, 2007, two years and seven months after the execution of the agreement, legal claims of rescission based upon § 1703(c) and § 1703(d) are barred by the applicable two-year statute of limitations. Although exploring such argument is unnecessary in light of the Court's above finding, such argument will be examined in detail due to the judicial confusion that continues to surround the ILSA provisions at issue. Defendants correctly point out that Plaintiffs' right to file a claim or rescission expired on December 27, 2006 and rely on *Ditthardt* to support such argument. 580 F. Supp. 2d 1288, 1292, 2008 U.S. Dist. LEXIS 65798 (S.D. Fla. 2008). While Defendants are correct in such an assertion, a close examination of *Ditthardt* is troublesome as it states: "[t]his court finds the reasoning in *Taylor* persuasive and joins its conclusion that rescission claims pursuant to § 1703(c) and § 1703(d) must be brought within two years of the date of signing." 580 F. Supp. 2d at 1292 (citing *Taylor*, 561 F. Supp. 2d 1269 (S.D. Ala. 2008). Specifically, *Ditthardt*'s recitation of *Taylor*'s ruling fails to acknowledge a key portion of the legal conclusion in the *Taylor* case: if a seller refuses to honor a valid revocation within two years of the contract's signing, the purchaser has a third year (pursuant to § 1711) to sue to enforce the purchaser's right to revoke pursuant to § 1703(c). *Taylor*, 561 F. Supp. 2d at 1273-1276; *see also Gilmore*, 2008 U.S. Dist. LEXIS 84034, at *4. Thus, because *Ditthardt* is not in complete agreement with *Taylor* (although Ditthardt claims otherwise) this Court will take this opportunity to clarify the confusion among these two cases. In *Ditthardt*, the plaintiffs filed a rescission claim under § 1703(c) and § 1703(d) approximately 33 months (two years and 9 months) after the purchase agreement was signed. *Id.* at *1290-1291. Of key importance here, the record in *Ditthardt* is unclear as to whether the plaintiffs attempted to rescind the agreement *before or after two years from the date of signing*. In fact, the record is silent on this point and only

mentions the timing of the lawsuit for a rescission claim pursuant to § ILSA 1703(c) and § 1703(d). Thus, it is implied in *Ditthardt* that the filing of the lawsuit was in fact the first attempt by the buyer's to rescind the contract. *Id.* The U.S. District Court for the Southern District of Florida ruled in *Ditthardt* that "rescission claims pursuant to 1703(c) and 1703(d) must be brought within two years of the date of signing." *Ditthardt v. North Ocean Condos, L.P.*, 580 F. Supp. 2d 1288, 1292, 2008 U.S. Dist. LEXIS 65798 (S.D. Fla. 2008). However, in light of *Taylor*, such is not always the case. As recognized in *Gilmore*, and set forth above in *Taylor*, if the seller refuses to honor a valid revocation (made within two years of the contract's signing), the purchaser has a third year (pursuant to § 1711) to sue to enforce the purchaser's right to revoke pursuant to § 1703(c). *Taylor*, 561 F. Supp. 2d at 1273-1276; *Gilmore*, 2008 U.S. Dist. LEXIS 84034, at *4. Thus, *Ditthardt* is in agreement with *Taylor* and *Gilmore* only to the extent that a request to rescind *and* the ensuing lawsuit come after the two period of the signing of the contract. Further, *Ditthardt* interprets the conflict between the three year statute of limitations of § 1711(b) and the two year statute of limitations of § 1703(c) and § 1703(d) as follows:

> Under the reading adopted by the court today, the statute of limitations in § 1711(b) is not meaningless even as applied to claims under §§ 1703(c) and (d), because the two-year limit would apply only to claims seeking rescission under those two subsections. The three-year § 1711(b) period continues to apply to claims seeking other relief (e.g. monetary damages) for § 1703(c) and § 1703(d) violations.

Id. at 1292. While *Taylor* similarly acknowledges that a non-rescission claims under § 1703(c) and § 1703(d) is governed by the three statute of limitations of 1711(b), 561 F. Supp. 2d. at 1276, *Ditthardt*'s rule appears to gloss over the nuanced finding in *Taylor* as to when 1711(b) similarly applies to a rescission claim. *Ditthardt*, 580 F. Supp. 2d at 1292*; Taylor*, 561 F. Supp. 2d at 1273-1276. Specifically, *Ditthardt* makes no distinction between a buyer's attempt to rescind a contract and a buyer's legal claim to rescind if such request is denied by the seller. *Id.*

at 1290, 1292. Accordingly, this Court is wary of the future use of *Ditthardt*'s two-year rule for rescission claims upon a scenario where a buyer attempts to rescind within the two-year period, and then files a rescission claim after such two-year period, but within the three-year statutory period allowed in 1711(b). *Ditthardt* makes no acknowledgment of whether a buyer's request to rescind within the two-year period and a subsequent denial by the seller would allow a rescission claim to be filed within three-years, rather than two-years. Such claim would clearly be permitted in *Taylor*, but would likely be blocked upon sole judicial reliance on *Ditthardt* as *Ditthardt* fails to recite the aspect of Taylor which would allow such a claim. As a result, *Ditthardt* seems ripe to only create further confusion in this already complex area of the law. 580 F.Supp. 2d 1288.

In light of such confusion, this Court finds it warranted to formulate the following comprehensive rule incorporating both *Ditthardt* and *Taylor* as follows: 15 U.S.C. § 1703(c) and § 1703(d) require a legal claim of rescission to be filed within two years of the signing of a contract, unless the buyer attempts to rescind the contract within the two-year period and is denied whereupon the three-year statute of limitations set forth in § 1711(b) then applies to the filing date for a legal claim of rescission. *Ditthardt*, 580 F. Supp. 2d at 1292; *Taylor*, 561 F. Supp. 2d at 1273-1276. Further, a non-rescission legal claim seeking other relief (e.g. money damages) for § 1703(c) and § 1703(d) violations may be pursued within three-years of the contract's signing under § 1711(b). *Ditthardt*, 580 F. Supp. 2d at 1292; *Taylor*, 561 F. Supp. 2d at 1276.

Regardless, in the case at hand, Plaintiffs do not dispute Defendants' reliance on *Ditthardt* and offer no opposing arguments to counter Defendants' reasoning to dismiss their rescission claims based upon § 1703(c) and § 1703(d). The Court notes that under both

*Ditthardt* and *Taylor*, the Plaintiffs' rescission claim is untimely.  *Ditthardt*, 580 F. Supp. 2d

1288; *Taylor*, 561 F. Supp. 2d 1269.  The Agreement was signed on December 27, 2004, which

gave the Plaintiffs until December 27, 2006, to request rescission of the contract or to file a

rescission claim with the Court.  Because Plaintiffs' failed to request rescission from Defendants

within the two-year period, and attempted to request rescission after such period, the three-year

statute of limitation of § 1711(b) does not apply to Plaintiffs' legal rescission claim, even though

such claim was filed within three-years of the contract's formation.  Plaintiffs' attempt to file

such rescission claim, two years and nine months after the contract's execution on July 26, 2007,

is therefore untimely, even under *Taylor*.  561 F. Supp. 2d 1269.

Accordingly, Plaintiffs' rescission claims pursuant to § 1703(c) and § 1703(d) are

unavailable to the Plaintiffs due to the failure to request *or* file such rescission of the Contract in

the applicable two-year period following the signing of the agreement.  Violations of §

1703(a)(1)(A) and § 1703(b) are governed by the three year statute of limitations within § 1711.

15 U.S.C. § 1711; *Gilmore*, 2008 U.S. Dist. LEXIS 84034, at *4 (explaining that "[s]ection 1711

provides a three-year limitation for enforcement of a right created by section 1703").  Thus,

violations of these additional ILSA provisions remain at issue despite Defendants successful

argument to dismiss the ILSA rescission claims pertaining to § 1703(c) and § 1703(d).

As set forth above, both *Taylor* and *Ditthardt* interpret a *non-rescission* claim under §

1703(c) and § 1703(d) as governed by the three year statute of § 1711(b).  *Ditthardt*, 580 F.

Supp. 2d at 1292; *Taylor*, 561 F. Supp. 2d at 1276.  Such clarification was not attempted in

Plaintiffs' supplemental complaint, and after having been put on notice of such precedent by

Defendants in their November 10, 2008, amended answer, Plaintiffs have made no attempt to

make such argument pertaining to § 1703(c) and § 1703(d) as to survive Defendants' two-year

statute of limitations defense. Thus, it is the Court's belief that Plaintiffs' claims in Count I, as plead under § 1703(c) and § 1703(d), are specific to rescission exclusively. Thus, it is this Courts view that both Plaintiffs' original and supplemental complaint did not plead for non-rescission claims of § 1703(c) and § 1703(d), but merely requested relief for rescission of the Contract under these ILSA provisions. Accordingly, non-rescission claims of § 1703(c) and § 1703(d), as governed by a three-year statute of limitations under § 1711, are not at issue in this case.

In light of the Court's above analysis and finding that Plaintiffs have delayed too long in rescinding the Agreement under ILSA § 1703(c) and § 1703(d), and, further, that Defendants did not request dismissal of Plaintiffs' claims pertaining to § 1703(a)(1)(A) and § 1703(b) of Count I, the remaining issues of Count I will not be ruled upon at this time. Similarly, Plaintiffs' breach of contract claim in Count II also remains at issue at this time as Defendants' Motion for Partial Summary Judgment was specific to Count I.

Had this Court denied Plaintiffs' motion to supplement the original complaint and strictly interpreted the original complaint as limited to rescission claims under § 1703(c) and § 1703(d), Plaintiffs would likely find themselves in a position without recourse for alleged ILSA violations, and then be left to the limits of a state court claim for breach of contract as plead in Count II. Upon such scenario, this Court would no longer maintain jurisdiction and Plaintiffs would appear to be at a point of starting this suit anew by refiling in state court. Such breach of contract claim would likely be covered by either the five-year statute of limitation of Fla. Stat. 95.11(b), or the four-year statute of limitations of Fla. Stat. 95.11(c). This breach of contract claim would then appear to be contingent upon Plaintiffs' ability to establish that the breach occurred on a date permissive of a timely lawsuit as of an April 2009 complaint. Although this

Court will make no such determination, it is feasible that a state court might also deny Plaintiffs'

breach of contract claim due to an unfavorable interpretation of when the breach of contract

occurred.  Plaintiffs would find themselves at the mercy of demonstrating that, in relation to the

date of the breach of contract, such claim was timely within the applicable statute of limitation

based upon a filing date of April 2009 at best.  If Plaintiffs successfully established that the

apparent breach occurred upon the two-year anniversary of the Contract on December 26, 2006

(or later), regardless of which statute applied, such issues would appear to be of no concern.

However, if such claim was understood by a state court to tick as of the time of the formation of

the Contract, December 24, 2004, under the four-year statute of limitations of Fla. Stat. 95.11(b),

Plaintiffs' breach of contract claim would also appear untimely.  Accordingly, it is


**ORDERED** that Defendants' Motion to File First Amended Answer and Affirmative

Defenses be **GRANTED**, and the amendment shall be filed within five days of this date,

Plaintiffs' Motion to Supplement Complaint be **GRANTED**, and the supplement shall be filed

within five days of this date and recognized as embodied within the original complaint,

Plaintiffs' Motion to Reopen Discovery, Expert Disclosure and Continuance of the Trial be

**DENIED**, and Defendants' Motion for Partial Summary Judgment for Count I of the Complaint

be **GRANTED in part** and **DENIED in part** as explicated above.  This case will be set for trial

as soon as possible.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 8th day of April, 2009.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record